Thomson, J.
The Hiwassee Gold Mining Company made application in the United States land office, at Gunnison, for a United States patent to the Palmer lode mining claim; and The Hotchkiss Mountain Mining and Reduction Company made application in the same land office for a United States patent to the lima lode mining claim. The surface boundaries of *23 the two claims were in conflict, and each claimant duly ad-versed the application of the other. Within the legal time, each adverse claimant, brought suit upon its adverse in the same court, to determine its right to the territory in dispute. There were, therefore, upon the docket of the court, two cases involving the same subject-matter, in one of which the Hiwassee Company was plaintiff, and the Hotchkiss Company, defendant; and in the other of which the Hotchkiss Company was plaintiff, and the Hiwassee Company, defendant. Issues having been joined in both cases, it ivas ordered that they be consolidated and tried together. The result of the trial was a verdict in favor of The Hotchkiss Mountain Mining and Reduction Company. Judgment was entered on the verdict. After its entry, the Hotchkiss Company moved that it he corrected so as to include an attorney’s fee of $50.00, and the expense of adverse, amounting to $110, for the reason that before trial, it had been stipulated by counsel of the respective parties, that in case the Hotchkiss Company should prevail, those sums should be allowed to it, and included in the judgment. Affidavits accompanied the motion, and the court, upon the hearing, found that a stipulation had been made as alleged, except that the amount to be allowed as expense of adverse, was $40.00 instead of $110, and ordered those amounts to be included in the judgment, and made part of it. The judgment was amended accordingly.
Code section 272 provides that whenever judgment shall be rendered against either party in a suit for the possession of realty, it shall be lawful for the party against whom judgment is rendered, at any time before the first day of the succeeding term, to pay all costs recovered thereby; and, upon application of such party, such costs having been paid, the court shall vacate the judgment, and grant a new trial of the cause. The Hiwassee Company, within the time limited, moved the court to set aside the judgment and grant a new trial, alleging that it had paid the costs of the suits. The court found that all the costs in both cases had been paid *24 by it, except the $50.00 allowed for attorney’s fees, and the $40.00 allowed as expense of adverse, but that these had not been paid, and thereupon denied the motion. The Hiwassee Company is here by appeal from the judgment.
It is possible that The Hotchkiss Mountain Mining and Reduction Company, by reason of its having been plaintiff in one of the adverse suits, and victor in both, would, by the terms of section 423 of the General Statutes, have had a right to the taxation of those sums as costs. If these had been so taxed, their payment, together with the payment of the other costs, by the losing party, would have been a condition precedent to the granting of a new trial. But the attorney’s fee and the expense of adverse, were not taxed as costs. They were included in the judgment proper, as being in the nature of damages. And it was not by virtue of the statute that their recovery was adjudged. The sole ground of their allowance was the stipulation of the parties.
All that is required of the losing party in ejectment, in order to a new trial, is the payment of the costs which have been taxed. When he has paid those, his right is complete, and it is error to deny it. Ho part of the judgment proper-need be paid, — nothing but the costs. The court found that the appellant had paid all the costs except the $50.00 and the $40.00. But those sums were not costs, so that, upon the court’s finding, there was a full compliance with the Code provision, and a new trial should have been ordered.
The judgment will be reversed.

Reversed.